Argued April 7, affirmed April 20, petition for rehearing
denied May 17, 1966

IN THE MATTER OF THE ESTATE OF
WILLARD EWELL DODGE, DECEASED
DODGE *v.* SMITH ET AL
413 P. 2d 431

*Glenn D. Ramirez,* Klamath Falls, argued the cause and submitted a brief for appellant.

*Alan B. Holmes,* Medford, argued the cause for respondents. With him on the brief were Holmes & James, Medford.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and SCHWAB, Justices.

SCHWAB, J. (Pro Tempore).

This is an appeal from a decree sustaining the will in a contest challenging the validity of the last will and testament of Willard Ewell Dodge. The contestant-appellant is the brother of the decedent and proponents-respondents are the administrator with the will annexed and the testamentary beneficiaries, decedent's stepdaughter and step-grandson.

The appellant argues that the contested document should not have been admitted to probate since there was no proof that decedent had signed the document prior to attestation by the witnesses and there was no proof that the witnesses subscribed their names to the will in the presence of each other. These contentions are without merit.

Both witnesses testified that the testator repre-

sented to them that the document in question was his last will and testament. They were not asked whether or not the decedent had already signed the document at the time they individually affixed their signatures. Both testified that they affixed their signatures in the presence of the testator but not in the presence of each other. The will bore an attestation clause reciting the observance of the necessary formalities.

ORS 114.030 provides:

"Every will shall be in writing, signed by the testator, or by some other person under his direction, in his presence, and shall be attested by two or more competent witnesses, subscribing their names to the will, in the presence of the testator."

■ In the absence of testimony or other evidence to the contrary, the attestation clause in itself is sufficient proof that the will bore the signature of the testator at the time the witnesses' signatures were affixed to the document. In the case of *Skinner's Will,* 40 Or 571, 62 P 523, 67 P 951, after reviewing decisions from other jurisdictions involving the failure of subscribing witnesses to recollect important facts concerning the execution of the will, we observed:

"* * * These cases, of singular analogy to the one at bar, are sufficient to illustrate the principle upon which the fact of attestation and the due execution of a will may be established; and where, by reason of a failing memory, a witness is unable to recall the fact as to whether he or she saw the testator sign, or whether the testator signed first or last, or whether the witness was requested by the testator to attest the writing, the hiatus is supplied, in the absence of positive testimony to the contrary, by a presumption that the requirements of the law have been observed, which completes the proof and renders it sufficient upon which to direct

a probate. And this is especially so where accompanied by an attestation clause reciting an observance of the necessary formalities." 40 Or at 585.

■ It is not necessary to the validity of a will that the testator sign it in the presence of the subscribing witnesses. It is sufficient if the evidence shows that the testator by any sign, motion, conduct or other attending circumstances gave the witnesses to understand that he had subscribed the instrument. Mere silence is not enough, but a statement, "this is my will," is sufficient. *Luper v. Werts and Smith,* 19 Or 122, 23 P 850; *In re Estate of Meier,* 190 Or 140, 224 P2d 572.

■ ORS 114.030 does not require that the witnesses to a will sign in the presence of each other. *In re Estate of Neil,* 111 Or 282, 226 P 439.

■■ Plaintiff's remaining assignment of error is specious. He contends that when a will has been probated in common form and its validity is attacked, the proponent must re-probate the will. This is correct. He then argues that since as a clerical matter the Klamath county clerk assigned the same file number to the will contest as he did to the original probate file and since the court treated the documents in the probate file as a part of the record in the will contest, the purported will was never identified or offered into evidence in the proceedings at bar. It is sufficient to point out that the document was clearly identified by the witnesses, was a part of the record in the trial court, and is a part of the record on appeal to this court.

Affirmed.